# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA

In re:

LILIA BELKOVA                                         Case No. 3:13-bk-07570-RCT
                                                      Chapter 12

_____Debtor____/

PNC BANK, N.A.

v.                                                    Adv. Pro No. 3:20-ap-00136-RCT

LILIA BELKOVA

_____Debtor/Defendant____/

## MOTION TO AMEND ORDER

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202, within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

LILIA BELKOVA, Debtor/Defendant, moves pursuant to F.R.Civ.P. 59(e), and Bankruptcy Rule 9023, for entry of an order vacating this Court's Order Granting in Part and Denying in Part the Fourth Motion to Dismiss, entered on May 7, 2021 (Doc. 35, the "Order"), and for entry of a replacement order without unnecessary findings of fact, and says:

1. In its Order, the Court made numerous findings of fact which were wrong or unwarranted in view of the procedural posture of the captioned proceeding.

    a. The Complaint, and Exhibits A through W, were filed on November 9, 2020, and assigned docket numbers 1 through 1-23.

    b. Ms. Belkova filed her Fourth Amended Motion to Dismiss on February 1, 2021, assigned docket entry 23 (the "Motion").

    c. In ruling upon the Motion, the Court presumably considered PNC's Response, filed on February 15, 2021 (Doc. 25), and Ms. Belkova's Reply of February 22, 2021 (Doc. 26), and Supplement of February 23, 2021 9Doc. 27).

2. In considering a motion to dismiss, this Court has recognized the correct standard.

> Federal Rule of Civil Procedure 12(b)(6), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, provides that a complaint may be dismissed, upon motion, for the failure to state a

> claim upon which relief may be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept the allegations of the complaint as true and view the complaint in the light most favorable to the plaintiff. The allegations must permit the court "to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 556 U.S. at 678.

*In re Nolan*, No. 8:15-BK-11942-RCT, 2016 WL 11708101, at *1 (Bankr. M.D. Fla. Aug. 4, 2016).

3. Yet, in the Order, this Court went well beyond the four corners of the Complaint, in which its analysis should have been limited to the sufficiency of allegations of fraud, of which there were none.

4. Demonstrating the unintended consequences of the Court's diligent review and summary of the still-contested history between the parties, PNC has filed the Court's Order in the appeal to bolster its position therein. See Exhibit A hereto.

5. In the BACKGROUND section of the Order, the Court made the following findings, which are the subjects of a separate proceeding, currently on appeal.

PNC Bank is a secured creditor of the Debtor by virtue of a mortgage loan (the "Mortgage") on certain real property owned by the Debtor

located at 2251 Buck Ridge Trail, Loxahatchee, Florida, 33470 (the "Property"). In the Chapter 7 case, PNC Bank received relief from the automatic stay to pursue an in rem action against the Property.

\*\*\*

In November 2012, the Debtor received a discharge in the Chapter 7 case, and her personal liability on the promissory note underlying the PNC mortgage lien was discharged. But a valid lien holder, like PNC Bank, retained its lien rights against the Property.

6. Notwithstanding recognition that Ms. Belkova received a discharge in her Chapter 7 case, the Court nonetheless made the following finding in its Order, "In June 2020, the Debtor received a discharge in her Chapter 12 case, which discharged approximately $430,000.00 of debt owed to PNC Bank that was treated as unsecured." Ms. Belkova did not receive a "double-discharge." Any obligation (contested) of Ms. Belkova to PNC was discharged in her Chapter 7 case.

7. The Court's footnote 11 referred to an order regarding a different property, not the one on which PNC asserts a mortgage. That footnote referred to a property on which the Deed to Trustee of Trust M7 conferred on its Trustee the power and authority to sell, encumber and otherwise deal with the property, unlike the Deed of Trust 072003 to the subject property which vests only limited powers in its Trustee, failing to vest in that Trustee full right of ownership over the Property under Florida Statute 689.073(1).

8. PNC admitted in the Complaint, at paragraph 11, Ms. Belkova received a

     discharge in the 2011 Chapter 7 Case, which included any *in personam* obligations to PNC.

9.    In the captioned case, at Doc. 309, Ms. Belkova objected to the claim of PNC based upon her discharge in the 2011 Chapter 7 Case. See PNC's Exhibit F.

10.   PNC responded to Ms. Belkova's Objection at Doc. 317 in which PNC admitted that its unsecured claim was previously discharged. PNC's claim in this case did not include any unsecured debt. See PNC's Exhibit E.

11.   By Order of January 26, 2017, assigned Doc. 357, this Court confirmed that PNC did not hold an unsecured claim as of the commencement of the captioned case.

12.   PNC's claim having been discharged 8 years before commencement of this proceeding, PNC's claim was not discharged in this case.

13.   The Court has unfairly given PNC an advantage in a subsequent proceeding and related appeal, and the Court has made errors in the Order, only some of which have been detailed herein.

Wherefore, Defendant requests entry of an order vacating the Order and substituting a simple order dismissing the Complaint for failure to allege fraud.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on May 24, 2021,via notice of electronic filing to Kimberly H. Israel, Esq, counsel for PNC, kisrael@mcglinchey.com

        Respectfully submitted,

        **FLORIDA BANKRUPTCY GROUP, LLC.**
        Attorneys for Ms. Belkova
        4121 N 31st Avenue
        Hollywood, Fl 33021-2011
        954-893-7670/954-252-2540 Fax


        By: s/ Kevin C Gleason
        Fla Bar No. 369500
        BankruptcyLawyer@aol.com

**Exhibit A**
Notice of Supplement Authority

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**LILIA BELKOVA,**                            Case No. 5:20-cv-143-BJD

      **Appellant,**

vs.

**PNC BANK, N.A.,**

      **Appellee.**

_____

### APPELLEE'S CITATION TO SUPPLEMENTAL AUTHORITY

COMES NOW Appellee, PNC BANK, N.A. ("PNC" or "Appellee"), by and through its undersigned counsel, and pursuant to Rule 8014(f), Fed. R. Bankr. P., respectfully submits as supplemental authority the attached Bankruptcy Court Order Granting in Part and Denying in Part the Fourth Motion to Dismiss, entered on May 7, 2021, and filed in Case No. 3:20-ap-136-RCT (the "Order"), in support of PNC's arguments in this appeal, and its Motion for Attorney's Fees, Damages and Double Costs against Appellant (D.E. 52).

Appellant contends in this appeal that the Bankruptcy Court lacked subject matter jurisdiction to impose a lien on non-estate property. The Bankruptcy Court recently held otherwise in the Order, holding that PNC "is a secured creditor of the Debtor by virtue of a mortgage loan (the "Mortgage") on certain real property owned by the Debtor located at 2251 Buck Ridge Trail, Loxahatchee, Florida, 33470 (the

"Property")." *See* the Order at p. 2. The Bankruptcy Court also ruled PNC "holds a 'direct financial interest' in the outcome of the Debtor's Chapter 12 case," and therefore is a party in interest with standing to sue Appellant. *See* the Order at pp. 7-8. The Bankruptcy Court has thereby confirmed, by extension, that it had subject matter jurisdiction over the Property against which PNC is a secured creditor; and the Property is and was property of Appellant's bankruptcy estate subject to administration by the Bankruptcy Court.

PNC submits this citation herein because Appellant has consistently argued that the Bankruptcy Court lacked subject matter jurisdiction over the Property because it was not property of her Chapter 12 bankruptcy estate (D.E. 8, 31, 39 and 44); Appellant made these arguments in her Fourth Motion to Dismiss Adversary Complaint (D.E. 23 in Case No. 3:20-ap-136-RCT); and the Bankruptcy Court rejected those arguments and gave PNC leave to amend its Adversary Complaint. *See* the Order at p. 9. Had the Bankruptcy Court determined it did not have subject matter jurisdiction over the Property and/or that the Property was not property of Appellant's Chapter 12 bankruptcy estate, the Bankruptcy Court would have dismissed PNC's Adversary Complaint without leave to amend. "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93, 118 S.

Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998), quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884).

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME REQUIREMENTS

In accordance with Rules 8013(f)(3)(A) and 8015(h), Fed. R. Bankr. P., this Citation complies with the requirements therein in that this Response contains 425 words. This Citation also complies with Rule 8014(f), in that the body of the submission contains 344 words.

Dated: May 18, 2021.
Jacksonville, Florida

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel
Florida Bar No. 47287
10407 Centurion Parkway N., Ste. 200
Jacksonville, FL 32256
Phone: (904) 224-4449
Fax: (904) 485-8083
Primary E-mail:
kisrael@mcglinchey.com
Secondary: jpowell@mcglinchey.com
***Attorneys for Appellee, PNC BANK, N.A.***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Appellee's Citation to Supplemental Authority has been served, via CM/ECF and E-mail, this **18th** day of **May, 2021**, on **Lilia Belkova**, drliliabelkova@gmail.com, *Appellant*.

*/s/ Kimberly Held Israel*
ATTORNEY

ORDERED.

Dated: May 07, 2021

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re

LILIA BELKOVA,   Case No. 3:13-bk-07570-RCT
                Chapter 12
         Debtor.

PNC BANK, N.A.

         Plaintiff,   Adv. No. 3:20-ap-00136-RCT

v.

LILIA BELKOVA,

         Defendant.

**ORDER GRANTING IN PART AND DENYING
IN PART THE FOURTH MOTION TO DISMISS**

THIS PROCEEDING is before the Court on the *Fourth Amended Motion to Dismiss* (the "Motion") (Doc. 23), filed by the Defendant, Lilia Belkova (the "Debtor"), the *Response in Opposition to the Motion*, filed by PNC Bank, N.A. ("PNC Bank") (Doc. 25), and the *Reply to Response*, filed by the Debtor (Doc. 26). For the reasons set forth below, the Court grants in part, and denies in part, the Motion.

## BACKGROUND

In October 2011, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.[1] PNC Bank is a secured creditor of the Debtor by virtue of a mortgage loan (the "Mortgage") on certain real property owned by the Debtor located at 2251 Buck Ridge Trail, Loxahatchee, Florida, 33470 (the "Property"). In the Chapter 7 case, PNC Bank received relief from the automatic stay to pursue an in rem action against the Property.[2] In November 2012, the Debtor received a discharge in the Chapter 7 case, and her personal liability on the promissory note underlying the PNC mortgage lien was discharged.[3] But a valid lien holder, like PNC Bank, retained its lien rights against the Property.

In November 2013, the Debtor filed a petition for relief under Chapter 12 of the United States Bankruptcy Code.[4] PNC Bank filed a Proof of Claim in the case based on the debt owed pursuant to the note and Mortgage.[5] In October 2015, the Court entered an agreed order that valued the secured portion of PNC Bank's claim on the Property at $325,000.00 (the "Valuation Order").[6]

In January 2017, the Court entered an Order Sustaining Debtor's Objection to Secured Claim Four (4) of PNC Bank (the "Order Sustaining Objection to Claim Four").[7] The order

---

[1] The Court takes judicial notice of documents filed and hearings held in the Debtor's previous Chapter 7 case, the underlying Chapter 12 bankruptcy case, and the docket in the appeal pending in the Middle District of Florida. When determining motions to dismiss, a court "may take judicial notice of the public record including documents filed and the record in other judicial proceedings, without converting the motion to dismiss to one for summary judgment, 'because such documents are capable of accurate and ready determination.'" *In re Gurley*, 357 B.R. 868, 878 (Bankr. M.D. Fla. 2006) (citing *Martin K. Eby Const. Co. v. Jacobs Civ., Inc.*, No. 3:05-CV-394-J-32TEM, 2006 WL 1881359, at *1 (M.D. Fla. July 6, 2006)).

[2] Case No. 3:11-bk-07333, Doc. 41.

[3] Case No. 3:11-bk-07333, Doc. 57.

[4] Case No. 3:13-bk-07570 (the "Main Case").

[5] Compl. Ex. E.

[6] Main Case, Doc. 226.

[7] Main Case, Doc. 357.

provided that the unsecured portion of PNC Bank's claim was disallowed and that no disbursement on that portion of Claim Four (4) would be made under the confirmed plan. Notably, the order also provided that "[n]otwithstanding the foregoing, the lien of PNC Bank on its collateral shall be avoided only upon completion of the Debtor's Chapter 12 Plan payments and discharge."[8]

In May 2017, the Court confirmed the Debtor's Sixth Amended Chapter 12 Plan and an Order Confirming Chapter 12 Plan Allowing Claims and Directing Distribution (the "Confirmation Order")[9] was entered. With respect to the Debtor's ownership of the Property, the Sixth Amended Plan provides: "[t]he confirmation of this Plan shall have the effect of confirming that Debtor is the owner of this property located in Palm Beach County, Florida either individually or through the respective Florida Land Trust."[10] Notably, this statement is consistent with an earlier finding in the case that "[b]ecause Debtor is the Trustee of the Land Trust, she has full rights of ownership over the Real Property and has standing to value the Real Property."[11]

As to PNC Bank's treatment in the Confirmation Order, Claim Four (4) is listed twice in the Claim Notes section, which is attached as Exhibit A to the Confirmation Order.[12] The first entry lists a secured claim for PNC Bank in the amount of $325,000.00, along with a note that references the Valuation Order. The second entry lists an unsecured claim for PNC Bank in the amount of $433,510.40 to be paid at $0.00. The Claim Note specifically provides that

---

[8] *Id.*

[9] The Confirmation Order provides that "[i]f there is a discrepancy between the provisions of the Plan and this Order, the provisions of this Order supersede the Plan." Main Case, Doc. 393 at p. 1.

[10] Main Case, Doc. 383 at p. 3.

[11] Main Case, Doc. 215 at p. 4.

[12] Paragraph 19 of the Confirmation Order provides that "Claim Notes listed on the attached Exhibit A are incorporated into the terms of this Order." Doc. 393 at p. 6.

3

"[t]he lien of PNC Bank shall be avoided only upon completion of payments and discharge."[13]

In May 2018, the Debtor filed an adversary proceeding to invalidate the mortgage lien that PNC Bank held on the Property.[14] PNC Bank responded by filing a counterclaim to establish an equitable lien and/or to be subrogated to the rights of the previous mortgage holder if the Debtor prevailed on her claim. PNC Bank then filed a Motion for Summary Judgment as to (1) the Debtor's claim on the theory that judicial estoppel, collateral estoppel, and/or res judicata precluded the Debtor from bringing her claim to invalidate the lien, and (2) as to its own counterclaims for equitable lien and equitable subordination.

In March 2020, the Court granted summary judgment in favor of PNC Bank on its counterclaims which effectively mooted the Debtor's claim to invalidate the lien.[15] The Court found that PNC Bank has held enforceable lien rights from the time the PNC Mortgage and underlying promissory note were executed, and that these equitable rights permit PNC Bank to seek foreclosure and judicial sale of the Property in state court. The Debtor appealed and the appeal is currently pending in the District Court for the Middle District of Florida.[16]

In June 2020, the Debtor received a discharge in her Chapter 12 case, which discharged approximately $430,000.00 of debt owed to PNC Bank that was treated as unsecured.[17] A month after receiving her discharge, the Debtor (as trustee for the Land Trust of the Property) (the "Land Trust") and Anisa Nazarova, who is presumably the Debtor's mother (and a beneficiary of the Land Trust) (the "Movants"), filed a Motion to Intervene in

---

[13] Main Case, Doc. 393 at p. 8.

[14] Adv. No. 3:18-ap-00180-RCT.

[15] Adv. No. 3:18-ap-00180-RCT, Docs. 125 & 126.

[16] Case No. 5:20-cv-00143-BJD.

[17] Main Case Doc. 502.

4

the appeal that is pending in district court.[18] By the Motion to Intervene, the Movants claim they have interests in the Property that were not represented in the bankruptcy court, that the Property was not part of her Chapter 12 estate, and that the bankruptcy court did not have jurisdiction over the Property. A Motion to Relinquish Jurisdiction[19] was also filed in the appeal in which the Movants moved for the district court to relinquish jurisdiction to the bankruptcy court pursuant to Bankruptcy Rule 9024.[20] On November 10, 2020, the district court entered an order that denied the Motion for Leave to Intervene and the Motion to Relinquish Jurisdiction.[21] The Movants appealed and the appeal is currently pending in the Eleventh Circuit.

The complaint filed in this proceeding by PNC Bank is a one count complaint that seeks to revoke the Debtor's Chapter 12 discharge based on the allegation that the Debtor obtained the discharge through fraud. Specifically, PNC Bank asserts that the Debtor's position on appeal is completely contrary to the Debtor's representations throughout the pendency of her Chapter 12 case that she was the owner of the Property, that the Property was property of the bankruptcy estate, and that the Court had jurisdiction over the Property. PNC Bank maintains that, because the Debtor discharged a substantial amount in unsecured debt owed to PNC Bank through the Chapter 12 case, her current representations are a "bait and switch" scheme that constitutes fraud.

Debtor's Motion to Dismiss argues that PNC Bank lacks standing to pursue vacating the Debtor's discharge in her Chapter 12 case, and that PNC Bank has failed to sufficiently

---

[18] Compl. Ex. U.

[19] Compl. Ex. V.

[20] Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"). Rule 60 allows a court to relieve a party from an order because, inter alia, of mistake, inadvertence, surprise, excusable neglect, or for any other reasons that justifies relief. Fed. R. Civ. P. 60(b)(1) & (6).

5

allege fraud.[22]

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6), as applicable to this proceeding by Fed. R. Bankr. P. 7012, provides that a complaint may be dismissed, upon motion, for the failure to state a claim upon which relief may be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] The court must accept the allegations of the complaint as true and view the complaint in the light most favorable to the plaintiff. The allegations must permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24]

## ANALYSIS

I     PNC Bank is a "Party in Interest" with Standing Under § 1228(d)

Debtor argues that PNC Bank lacks standing because Debtor's personal liability was discharged in her Chapter 7 case and that, therefore, PNC Bank does not have standing to revoke her discharge in the Chapter 12 case. PNC Bank argues that as a creditor of Debtor's estate, it is a "party in interest" with the statutory right under 11 U.S.C. § 1228(d) to prosecute this proceeding. Section 1228(d) provides:

> (d) On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if –
>    (1) such discharge was obtained by the debtor through fraud; and
>    (2) the requesting party did not know of such fraud until after such discharge was granted.

11 U.S.C. § 1228(d).

---

[21] Case No. 5:20-cv-00143-BJD, Doc. 23.

[22] Doc. 23.

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[24] *Id.*

6

In support of its position, PNC Bank references the Valuation Order, the Order Sustaining Objection to Claim Four (4), and the Confirmation Order. The Valuation Order, which was an agreed order between PNC Bank and the Debtor, valued the secured portion of PNC Bank's claim on the Property at $325,000.00. The Order Sustaining Objection to Claim Four (4) provided that the unsecured portion of PNC Bank's claim was disallowed and that no disbursement on that portion of PNC Bank's claim would be made under the plan. Importantly, the order provided the caveat that "[n]otwithstanding the foregoing, the lien of PNC Bank on its collateral shall be avoided only upon completion of the Debtor's Chapter 12 Plan payments and discharge."[25] Additionally, the Confirmation Order, in the Claim Notes section, carves out the same condition as to PNC Bank's unsecured claim. The entry specifies that "[t]he lien of PNC Bank shall be avoided only upon completion of payments and discharge."[26]

Bankruptcy courts in the Middle District of Florida have historically followed "the general understanding that anyone with a 'pecuniary interest, practical stake, or legally protected interest that could be affected by the bankruptcy proceeding' is entitled to 'party in interest' status."[27] It is therefore apparent that "anyone holding a direct financial interest in the outcome of a case should be able to participate to protect their interest," as contemplated by § 1228(d).[28]

The Court finds that PNC Bank is a secured creditor who holds a "direct financial

---

[25] Main Case, Doc. 357.

[26] Main Case, Doc. 393 at p. 8.

[27] *In re Surfside Resort & Suites, Inc.*, 344 B.R. 179, 188 (Bankr. M.D. Fla. 2006) (quoting *In re Wells*, 227 B.R. 553, 559 (Bankr. M.D. Fla. 1998)).

[28] *Surfside Resort,* 344 B.R. at 188 (quoting *In re Ionosphere Clubs*, Inc., 101 B.R. 844, 850 (Bankr. S.D.N.Y. 1989)).

interest" in the outcome of the Debtor's Chapter 12 case. Specifically, the Confirmation Order provides that the lien PNC Bank has on the Property as to its unsecured claim in the amount of $433,510.40 "shall be avoided only upon completion of payments and *discharge*."[29] (emphasis added). Therefore, PNC Bank is a party in interest who has standing to prosecute this proceeding to revoke the Debtor's discharge.

    II    <u>PNC Bank has Failed to Sufficiently Allege Fraud</u>

The Complaint alleges that the Debtor obtained her Chapter 12 discharge through fraud. Specifically, PNC Bank alleges that the Debtor represented throughout her Chapter 12 case that she was the owner of the Property, that the Property was property of her Chapter 12 bankruptcy estate, and that the Court had jurisdiction over the Property. PNC Bank references various pleadings in which the Debtor admitted that PNC Bank had a lien on the Property. PNC Bank also points to the Valuation Order in which the Court determined the secured value of its lien against the Property, and which resulted in allowing the Debtor to avoid more than $430,000.00 of PNC Bank's unsecured claim. PNC Bank also references the Court's decision in which the Court found that because the Debtor is the trustee of the Land Trust she therefore "has full rights of ownership over the Real Property and has standing to value the Real Property."[30]

The Debtor counters that the Complaint does not sufficiently state a claim for revocation of a discharge procured by fraud. Upon review, the Court agrees. The alleged fraud relates to who had the beneficial interest in the Property. But the Complaint does not specify whether the Debtor is alleged to have made fraudulent representations to this Court to

---

[29] This language mirrors the caveat in the Order Sustaining Objection to Claim Four (4) that states the unsecured portion of Claim Four (4) is disallowed but specifies "the lien of PNC Bank on its collateral shall be avoided only upon completion of the Debtor's Chapter 12 Plan payments and discharge." Main Case, Doc. 357.

[30] Main Case, Doc. 215 at p. 4.

8

obtain her discharge,[31] or whether she made fraudulent representations to the district court to secure some advantage in connection with her appeal of the equitable lien judgment, or both. The Complaint, therefore, must be clarified to sustain a cause of action to revoke the Debtor's discharge on the ground that it was procured by fraud.

Accordingly, it is

**ORDERED:**

1. The Fourth Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

2. PNC Bank is a party in interest who has standing to bring a complaint to revoke the Debtor's discharge in this Chapter 12 case.

3. The Complaint is dismissed, without prejudice, and with leave for PNC Bank to amend its Complaint within fourteen (14) days from the date of this Order.

4. The dismissal of the Complaint is also without prejudice to PNC Bank asserting any appropriate claim with the district court handling Debtor's pending appeal.

Service of this Order other than by CM/ECF is not required. Local Rule 9013-3(b).

---

[31] The Complaint, at paragraphs 36, 37 and 38, alleges that Debtor's contrary statements were made to the district court after the discharge was obtained.

9