# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA

In re:

LILIA BELKOVA                                Case No. 3:13-bk-07570-RCT
                                                             Chapter 12

_____Debtor_____/

PNC BANK, N.A.

         Plaintiff,

v.                                                   Adv. Pro No. 3:20-ap-00136-RCT

LILIA BELKOVA

_____Debtor/Defendant_____/

## MOTION TO DISMISS AMENDED COMPLAINT

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202, within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

---

LILIA BELKOVA, Debtor/Defendant, moves to dismiss this proceeding, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6), made applicable herein by operation of Fed.R.Bankr.P. 7012(b), and for an award of her attorney's fees and costs.[1]

## PNC'S AMENDED COMPLAINT IS A SHOTGUN PLEADING

1.  Shotgun complaints are disfavored in the Eleventh Circuit, which has upheld dismissal of such complaints.

    a.  Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act. *Weiland v. Palm Beach Cty. Sheriff's Ofc.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

    *Clifford v. Federman*, No. 20-12294, 2021 WL 1788472, at *2 (11th Cir. May 5, 2021).

    b.  Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See generally Davis v. Coca Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting numerous cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). They waste scarce judicial resources, "inexorably broaden[ ] the scope of

---

[1] For the reasons stated in her Fourth Amended Motion to Dismiss, Ms. Belkova maintains that PNC lacks standing. The Court has ruled otherwise in a non-final order

> discovery," "wreak havoc on appellate court dockets," and "undermine[ ] the public's respect for the courts." *Id. at 981–83* (detailing the "unacceptable consequences of shotgun pleading").
>
> A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. *Weiland*, 792 F.3d at 1320.

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

<u>Multiple Counts That Each Adopt the Allegations of All Preceding Counts</u>

2. In Count I, PNC incorporates by reference the preceding 81 paragraphs (and 50 footnotes), including allegations which are not related to the issuance of an injunction.

3. In Count II, PNC incorporates by reference the preceding 88 paragraphs, 50 footnotes, including all of the allegations in Count I, and adds two more footnotes.

4. Finally, in Count III PNC incorporates by reference the preceding 100 paragraphs, including all of the allegations in Counts I and II, 11 sub-parts of paragraph 91, and 52 footnotes.

<u>Conclusory, Vague, and Immaterial Facts That Do Not Clearly Connect to a Particular Cause of Action</u>

5. PNC's first 81 paragraphs include 50 footnotes and many allegations which have no relevance to whether: Ms. Belkova's Chapter 12 discharge was

entered due to fraud; whether the Court should or may amend orders entered years earlier; or whether this Court should or may enter injunctions against the Debtor, and unlimited, unnamed persons, who are not before the Court.

6. Just by way of example, PNC posits the following in its paragraph 91. "As the Court noted at the hearing on Belkova's Fourth Amended Motion to Dismiss [D.E. 23], the central question hanging over this Adversary Proceeding is: 'So it brings to mind the question: Was she lying then or is she lying now?' Belkova is lying now."

7. How exactly is PNC's paragraph 91 "a short and plain statement of the claim showing that the pleader is entitled to relief..."?[2]

8. By answering its own rhetorical question, PNC admits that Ms. Belkova did not "lie" in the course of obtaining her discharge.

<u>Failing to Separate Each Cause of Action or Claim for Relief into Distinct Counts</u>

9. By incorporating 81, 88, and 100 paragraphs (and 52 footnotes) into Counts I, II, and III, and by rambling through 81 paragraphs of mostly irrelevant recitations of matters unrelated to the relief sought, PNC has crafted a deep well of irrelevant information, into which PNC has injected poison.

---

[2] F.R.Civ.P. 8(a)(2), incorporated into this proceeding through B.R. 7008.

### Combining Multiple Claims Against Multiple Defendants Without Specifying Which Defendant Is Responsible for Which Act

10. PNC's paragraph 88 is a substitute for a "wherefore" clause, in which,

   > PNC ... requests that the Court enter an injunction against Belkova, and anyone acting by, through, on behalf of, or with the assistance of, or anyone who is in active concert or participation with, Belkova, enjoining and prohibiting any filing or submission in any judicial or non-judicial forum (other than the District Court Appeal and the 11th Circuit Appeal) which, in any manner, challenges or asserts a challenge to the validity of the PNC Mortgage and/or the equitable lien in favor of PNC, and/or which, in any manner, asserts that Belkova was not the owner of the Property from the time the PNC Mortgage was executed through the entry of the Discharge Order, all as established by the Valuation Order, the Order Sustaining Objection to Claim Four, the Confirmation Order and the Final Judgment, without first submitting to this Court a request to make such filing or submission, along with a copy thereof for in chambers review, and without receiving an order from this Court either denying the request, granting it, or scheduling the matter for hearing, depending on the circumstances and the Court's conclusion.\ [sic].

11. While PNC's Amended Complaint is more akin to a motion and incorporated memorandum of law, no authority is cited for the proposition that the Court can enjoin unnamed non-parties, which presumably includes Ms. Belkova's mother.

   WHEREFORE, it being impossible for Ms. Belkova to "admit or deny the

allegations asserted against" her in PNC's Amended Complaint, Ms. Belkova requests dismissal of the Amended Complaint, with prejudice, and an award of her attorney's fees and costs under F.S. 57.105 and under the terms of the promissory note and mortgage asserted by PNC to be valid and binding upon the parties.

### NO AUTHORITY IS CITED OR EXISTS FOR AMENDING FINAL NON-APPEALABLE ORDERS

12. PNC asks this Court to vacate orders, including one which became final and non-appealable in November of 2015, more than five years ago.

13. PNC fails to cite any authority for the proposition that a final, non-appealable order may be amended after 14 days.

    a. Bankruptcy Rule 9023 governs amendment of judgments, and provides,

    > Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

    b. F.R.Civ. P. 59 provides, in pertinent part,

    > (a)(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
    > ***

        (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
        (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

14. If PNC is seeking relief pursuant to F.R.Civ.P. 60(b), and if the grounds for such relief include alleged fraud of Ms. Belkova, such relief is precluded by F.R.Civ.P. 60(c)(1), which provides, "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

15. This is not a motion for reconsideration of a claim under B.R. 3008.

16. On timing alone, PNC's Count III must be dismissed, with prejudice.

        WHEREFORE, Ms. Belkova requests dismissal of Count III of the Amended Complaint, with prejudice, and an award of her attorney's fees and costs under F.S. 57.105 and under the terms of the promissory note and mortgage asserted by PNC to be valid and binding upon the parties.

## PNC HAS FAILED TO SUFFICIENTLY ALLEGE FRAUD

17.        The Court will revoke a discharge "if the following criteria

> have been satisfied: (1) the debtor obtained the discharge through fraud; (2) the creditor possessed no knowledge of the debtor's fraud prior to the granting of the discharge; and (3) the fraud, if known, would have resulted in the denial of the discharge under 11 U.S.C. § 727(a)." *The Cadle Co. v. Parks–Matos (In re Matos)*, 267 Fed.Appx. 884, 887 (11th Cir.2008). Under § 727(a)(4)(A), the plaintiff must show "(1) the debtor made a statement under oath, (2) the statement was false, (3) the debtor knew the statement was false, (4) the debtor made the statement with fraudulent intent, and (5) the statement related materially to the bankruptcy case." *In re Paul*, 2012 WL 4894581, at *3 (*quoting Pioneer Credit Company v. Roubieu (In re Roubieu)*, 2005 WL 6459370, at *4 (Bankr.N.D.Ga.2005)). When a § 727(d)(1) claim is based on § 727(a)(4)(A), the elements partially merge, and a plaintiff states a claim under § 727(d)(1) if she states a claim under § 727(a)(4)(A) and alleges no knowledge of the fraud before the discharge.

*In re Smith*, 489 B.R. 875, 891 (Bankr. M.D. Ga. 2013).

18. The Court did not rely upon statements of Ms. Belkova in determining whether and when to issue her discharge. The allegedly false statements of Ms. Belkova were not "related materially to the bankruptcy case", insofar as the issuance of discharge.

19. In a Chapter 12 case, issuance of the discharge is prescribed by 11 U.S.C. § 1228, which provides, in pertinent part,

(a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all

amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, other than payments to holders of allowed claims provided for under section 1222(b)(5) or 1222(b)(9) of this title, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan, allowed under section 503 of this title, or disallowed under section 502 of this title, except any debt—
(1) provided for under section 1222(b)(5) or 1222(b)(9) of this title; or
(2) of a kind specified in section 523(a) of this title, except as provided in section 1232(c).

\*\*\*

(d) On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if—
(1) such discharge was obtained by the debtor through fraud; and
(2) the requesting party did not know of such fraud until after such discharge was granted.

\*\*\*

(f) The court may not grant a discharge under this chapter unless the court after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge finds that there is no reasonable cause to believe that—
(1) section 522(q)(1) may be applicable to the debtor; and
(2) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

20. In the context of this case, the Court issued a discharge because: Ms. Belkova made all payments under the plan; and Ms. Belkova did not execute a written waiver of discharge.

21. PNC has failed to sufficiently and with specificity allege fraud such that the

Amended Complaint complies with the requirements of Fed.R.Civ.P. 9(b), made applicable herein by operation of Fed.R.Bankr. P. 7009, such that Ms. Belkova lied about having made all payments under the plan, or Ms. Belkova lied about not having executed a written waiver of discharge.

22. PNC does not distinguish, in the eleven sub-parts of paragraph 91:

   a. which of the allegedly false statements were made by Ms. Belkova, under oath;

   b. which of the allegedly false statements were made by the Court;

   c. which of the allegedly false statements were made in court papers filed by former counsel for Ms. Belkova; or

   d. which of the allegedly false statements relate to the issuance of a Chapter 12 discharge.

23. Notwithstanding PNC's attempt to impose "tunnel vision" upon this Court, the record is replete with reservations of rights to challenge the mortgage asserted by PNC. See Docs.:18 at pgs. 2/32, 11/32; 45, p. 3/3; and 383, p. 2/4, para 5, last sentence. The record is also replete with references to Ms. Belkova's limited interest in the subject property. See Doc. 18, p. 2/32.

WHEREFORE, Ms. Belkova requests dismissal of Count II of the Amended Complaint, with prejudice, and an award of her attorney's fees and costs under F.S.

57.105 and under the terms of the promissory note and mortgage asserted by PNC

to be valid and binding upon the parties.

### THIS COURT HAS NO JURISDICTION
### TO ENJOIN MS. BELKOVA INDIVIDUALLY
### OR AS TRUSTEE OR HER MOTHER OR UNNAMED PERSONS

24. [T]hrough section 105 ...the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105 "grants statutory contempt powers in the bankruptcy context." *In re Hardy*, 97 F.3d 1384, 1389–90 (11th Cir. 1996) ("Therefore, § 105(a) grants courts independent statutory powers to award monetary and other forms of relief for [violations] to the extent such awards are 'necessary [or] appropriate' to carry out the provisions of the Bankruptcy Code.") (internal quotation marks and citations omitted).

    *In re Roth*, 935 F.3d 1270, 1275 (11th Cir. 2019).

25. "Because the bankruptcy case falls within the purview of the bankruptcy court, which is well-equipped to protect the proceeding's integrity, the bankruptcy case is not a proceeding on which non-appellate use of the All Writs Act by the District Court could be predicated." *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1268 (11th Cir. 2021).

26. PNC has failed to support the relief sought under the All Writs Act, or §105 by connecting the injunctive relief to any provision of the Bankruptcy Code.

    WHEREFORE, Ms. Belkova requests dismissal of Count I of the Amended

Complaint, with prejudice, and an award of her attorney's fees and costs under F.S.

57.105 and under the terms of the promissory note and mortgage asserted by PNC to be valid and binding upon the parties.

## CONCLUSION

27. None of the three counts of the Amended Complaint is legally, or factually sufficient to withstand dismissal.

WHEREFORE, Ms. Belkova requests dismissal of the Amended Complaint, with prejudice, and an award of her attorney's fees and costs under F.S. 57.105 and under the terms of the promissory note and mortgage asserted by PNC to be valid and binding upon the parties.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on June 4, 2021, via notice of electronic filing to Kimberly H. Israel, Esq, counsel for PNC, kisrael@mcglinchey.com

    Respectfully submitted,

    **FLORIDA BANKRUPTCY GROUP, LLC.**
    Attorneys for Ms. Belkova
    4121 N 31st Avenue
    Hollywood, Fl 33021-2011
    954-893-7670/954-252-2540 Fax

    By: s/ Kevin C Gleason
    Fla Bar No. 369500
    BankruptcyLawyer@aol.com