ORDERED.

Dated: June 22, 2021

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re<br><br>LILIA BELKOVA,<br><br>      Debtor. | Case No. 3:13-bk-07570-RCT<br>Chapter 12 |
| PNC BANK, N.A.<br><br>      Plaintiff,<br><br>v.<br><br>LILIA BELKOVA,<br><br>      Defendant. | Adv. No. 3:20-ap-00136-RCT |

**ORDER DENYING MOTION TO AMEND ORDER**

THIS PROCEEDING came before the Court for hearing on the *Motion to Amend Order* (the "Motion") (Doc. 38), filed by the Defendant, Lilia Belkova (the "Debtor"), and the *Response in Opposition to the Motion*, filed by PNC Bank, N.A. ("PNC Bank") (Doc. 41). By the Motion, the Debtor seeks to vacate the Order Granting in Part and Denying in Part the Fourth Motion to Dismiss (the "Order") (Doc. 35), for the purpose of "substituting a simple order dismissing the

Complaint for failure to allege fraud."[1]  PNC Bank opposes the Motion and maintains that the findings in the Order were both accurate and necessary for the Court to make a determination that PNC Bank has standing to prosecute this proceeding.

The Debtor seeks relief under Federal Rule of Bankruptcy Procedure 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure.  Rule 59 governs motions for reconsideration.  Upon review, however, it appears that the Debtor actually seeks to have the Court amend the findings of fact portion of the Order, for the purpose of removing certain findings that address events which occurred between the Debtor and PNC Bank in the underlying Chapter 12 case.  The Debtor alleges that such findings "were wrong or unwarranted in view of the procedural posture of" this proceeding.[2]

Motions to amend or to clarify findings are governed by Federal Rule of Bankruptcy Procedure 7052, which incorporates Rule 52 of the Federal Rules of Civil Procedure.  Rule 52(b) provides:

> On a party's motion filed no later than [14] days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

The primary purpose of Rule 52(b) is "to create a record upon which the appellate court may obtain the necessary understanding of the issues to be determined on appeal."[3]  A motion to amend under Rule 52(b) may be used "to clarify essential findings or conclusions, correct errors of law or fact, or to present newly discovered evidence."[4]  Further, "Rule 52(b) motions apply only

---

[1] Doc. 38 p. 5.
[2] Doc. 38 p. 2.
[3] *In re St. Marie Development Corp. of Montana, Inc.*, 334 B.R. 663, 675 n.3 (Bankr. D. Mont. 2005).
[4] 10 Collier on Bankruptcy ¶ 7052.03 (16th ed. 2015) (citing *Wal–Mart Stores, Inc. v. El–Amin (In re El–Amin)*, 252 B.R. 652, 656 (Bankr. E.D. Va. 2000) (the purpose of the rule is to correct an "egregious error of law or fact, not the resubmission of unsuccessful arguments") (additional citations omitted)).

when a party demonstrates a manifest error of law or fact, or in limited situations to present newly discovered evidence."[5]  "A motion to amend the Court's findings of fact should be based on a 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'"[6] Additionally, "Rule 52(b) motions are not to be used to obtain a re-hearing on the merits or to raise arguments that could have been made before the court's earlier ruling."[7]

For the foregoing reasons, the Court finds the Motion fails on the merits.  As to the Debtor's position that certain findings on the issue of standing were extraneous, it is important to note that in the Fourth Amended Motion to Dismiss (the "Motion to Dismiss") the Debtor argued that the proceeding should be dismissed because PNC Bank lacked standing to pursue vacating the Debtor's discharge in the underlying Chapter 12 case.[8]  In response, PNC Bank disputed the allegation.[9] Ultimately, the issue of standing was argued by the parties at the hearing on the Motion to Dismiss.  Despite raising and litigating the issue of whether PNC Bank has standing, the Debtor now seeks to limit the set of facts that the Court considered from the record in the Chapter 12 case.

Upon review, the Court finds that it appropriately took judicial notice of the record in the Chapter 12 case, and the findings made were not extraneous to the decision.  The findings to which the Debtor objects were necessary to adequately analyze the issue of whether PNC Bank is a party with a pecuniary interest who has standing to prosecute this proceeding.  Specifically, the facts which explain why the Chapter 12 discharge allowed the Debtor to significantly reduce PNC Bank's secured claim against the property by a valuation order that converted a substantial portion

---

[5] *In re Med. Educ. & Health Servs., Inc.,* 2012 WL 2194472 (Bankr. D.P.R. June 14, 2012); *see also In re Braithwaite*, 197 B.R. 834, 835 (Bankr. N.D. Ohio 1996) (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)).

[6] *In re Novak*, 223 B.R. 363, 371 (Bankr. M.D. Fla. 1997) (citing *Ramos v. Boehringer Manheim Corp.*, 896 F. Supp. 1213, 1214 (S.D. Fla. 1994)).

[7] *In re Packer*, 558 B.R. 842, 846 (Bankr. W.D. Mich. 2016); *In re Busch*, 369 B.R. 614, 621 (Bankr. 10th Cir. 2007).

[8] Doc. 23.

[9] Doc. 25.

of the debt to dischargeable unsecured debt once the Debtor obtained her discharge.[10] The reference to the discharge of approximately $430,000.00 of PNC Bank's "unsecured claim" is a bit confusing but is straight from the Confirmation Order's description of how the unsecured portion of PNC Bank's claim shall be treated under the plan.[11] It is therefore an accurate part of the record before the Court. The Debtor cannot raise a substantive issue, such as standing, and then "cherry pick" what parts of the Court's record should be considered.[12]

For these reasons, the Court finds that there are no findings to clarify or errors to correct. Therefore, the Debtor has not established a proper basis under Rule 52. It is,

**ORDERED:**

The Motion (Doc. 38) is **DENIED**.

Service of this Order other than by CM/ECF is not required. Local Rule 9013-3(b).

---

[10] The amount of that *in rem* claim, and therefore the resulting economic impact to PNC Bank is what is at issue.

[11] The Claim Notes, which are incorporated into the terms the Confirmation Order, list an *unsecured* claim for PNC Bank in the amount of $433,510.40 to be paid at $0.00. (Main Case, Doc. 393, Ex. A). The Claim Note specifically provides that "[t]he lien of PNC Bank shall be avoided only upon completion of payments and discharge." (Main Case, Doc. 393 at p. 8). A secured claim for PNC Bank in the amount of $325,000.00 is also listed. *Id.*

[12] As the Court noted at the hearing, no one has challenged the personal liability that was discharged in the Debtor's previous Chapter 7 case.